**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL KENT, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| SOTHEBY'S, DOMENICO DE SOLE, THE DUKE OF DEVONSHIRE, TAD SMITH, JESSICA BIBLIOWICZ, LINUS CHUENG, KEVIN CONROY, DANIEL LOEB, MARSHA E. SIMMS, DIANA TAYLOR, DENNIS M. WEIBLING, HARRY WILSON, AND MICHAEL J. WOLF, | ) CLASS ACTION ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on June 17, 2019 (the "Proposed Transaction"), pursuant to which Sotheby's (the "Company") will be acquired by BidFair USA LLC ("Parent") and BidFair Merger Right Inc. ("Merger Sub," and together with Parent, "BidFair").

2.      On June 16, 2019, Sotheby's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with BidFair. Pursuant to the terms of the Merger Agreement, Sotheby's stockholders will receive $57.00 in cash for each share of Sotheby's common stock they own.

3. On July 12, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Sotheby's common stock.

9. Defendant Sotheby's is a Delaware corporation and maintains its principal executive offices at 1334 York Avenue, New York, New York 10021. Sotheby's common stock is traded on the New York Stock Exchange under the ticker symbol "BID." Sotheby's is a party

to the Merger Agreement.

10. Defendant Domenico De Sole is the Chairman of the Board of the Company.

11. Defendant The Duke of Devonshire is Deputy Chairman of the Board of the Company.

12. Defendant Tad Smith is President, Chief Executive Officer, and a director of the Company.

13. Defendant Jessica Bibliowicz is a director of the Company.

14. Defendant Linus Cheung is a director of the Company.

15. Defendant Kevin Conroy is a director of the Company.

16. Defendant Daniel Loeb a director of the Company.

17. Defendant Marsha E. Simms is a director of the Company.

18. Defendant Diana Taylor is a director of the Company.

19. Defendant Dennis M. Weibling is a director of the Company.

20. Defendant Harry Wilson is a director of the Company.

21. Defendant Michael J. Wolf is a director of the Company.

22. The defendants identified in paragraphs 10 through 21 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Sotheby's (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25. The Class is so numerous that joinder of all members is impracticable. As of June 10, 2019, there were approximately 46,612,805 shares of Sotheby's common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

30. Sotheby's has been uniting collectors with world-class works of art since 1744.

31.     The Company became the first international auction house when it expanded from London to New York (1955), the first to conduct sales in Hong Kong (1973), India (1992), and France (2001), and the first international fine art auction house in China (2012).

32.     Today, the Company presents auctions in ten different salesrooms, including New York, London, Hong Kong, and Paris, and Sotheby's BidNow program allows visitors to view all auctions live online and place bids from anywhere in the world.

33.     The Company offers collectors the resources of Sotheby's Financial Services, the world's only full-service art financing company, as well as the collection, artist, estate, and foundation advisory services of its subsidiary, Art Agency, Partners.

34.     Sotheby's presents private sale opportunities in more than seventy categories, including S2, the gallery arm of Sotheby's Global Fine Art Division, and three retail businesses: Sotheby's Wine, Sotheby's Diamonds, and Sotheby's Home.

35.     The Company has a global network of eighty offices in forty countries.

36.     On June 16, 2019, Sotheby's Board caused the Company to enter into the Merger Agreement.

37.     Pursuant to the terms of the Merger Agreement, Sotheby's stockholders will receive $57.00 in cash for each share of Sotheby's common stock they own.

38.     According to the press release announcing the Proposed Transaction:

Sotheby's (NYSE: BID) today announced that it has signed a definitive merger agreement to be acquired by BidFair USA, an entity wholly owned by media and telecom entrepreneur as well as art collector, Patrick Drahi. Under the terms of the agreement, which was approved by Sotheby's Board of Directors, shareholders, including employee shareholders, will receive $57.00 in cash per share of Sotheby's common stock in a transaction with an enterprise value of $3.7 billion. The offer price represents a premium of 61% to Sotheby's closing price on June 14, 2019, and a 56.3% premium to the company's 30 trading-day volume weighted average share price. The transaction would result in Sotheby's returning to private ownership after 31 years as a public company traded on the New York Stock

5

Exchange. . . .

The closing of the deal is subject to customary conditions, including regulatory clearance and shareholder approvals, but is not subject to the availability of financing. The transaction is expected to close in the fourth quarter of 2019 following shareholder approval.

LionTree Advisors is serving as financial advisor to Sotheby's in connection with the transaction, and Sullivan & Cromwell LLP is serving as the company's legal counsel. BNP Paribas and Morgan Stanley are acting as financial advisors to BidFair, BNP Paribas acted as sole financing provider, and Hughes Hubbard & Reed LLP and Ropes & Gray International LLP are serving as its legal advisors.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

39. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

40. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

41. First, the Proxy Statement omits material information regarding the Company's financial projections.

42. For each set of projections, the Proxy Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA and the various versions of EBITDA; (ii) unlevered free cash flow and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

43. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

44. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, LionTree Advisors LLC ("LionTree").

6

45. With respect to LionTree's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the unlevered, after-tax free cash flows that Sotheby's was forecasted to generate for the last nine months of 2019 and the four calendar years ending December 31, 2023, and all underlying line items; (ii) the terminal values for Sotheby's; (iii) LionTree's basis for applying a range of terminal value multiples of 11.0x to 13.0x; (iv) the individual inputs and assumptions underlying the discount rates used by LionTree in the analysis; (v) Sotheby's net debt; and (vi) the number of fully diluted outstanding shares of Sotheby's common stock.

46. With respect to LionTree's Analyst Price Target Analysis, the Proxy Statement fails to disclose: (i) the price targets observed by LionTree in the analysis; (ii) the sources thereof; and (iii) the individual inputs and assumptions underlying the discount rate of 13.0%.

47. With respect to LionTree's Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed by LionTree in the analysis; and (ii) the premiums paid in the transactions.

48. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

49. Third, the Proxy Statement omits material information regarding LionTree's engagement.

50. The Proxy Statement fails to disclose the timing and nature of the past services LionTree provided to the Company.

51. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

52. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Reasons for the Merger; Recommendation of the Company's Board of Directors; (iii) Opinion of the Company's Financial Advisor; and (iv) Certain Company Forecasts.

53. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Sotheby's**

54. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

55. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Sotheby's is liable as the issuer of these statements.

56. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

57. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

58. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

59. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

60. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

61. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

62. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63. The Individual Defendants acted as controlling persons of Sotheby's within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Sotheby's and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

66. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

67. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

     D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

     E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

     F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 23, 2019

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
     Brian D. Long (#4347)

**OF COUNSEL:**
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220

**RM LAW, P.C.**
Wilmington, DE 19801
Richard A. Maniskas
Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300
Facsimile: (302) 654-7530
Berwyn, PA 19312
Email: bdl@rl-legal.com
Telephone: (484) 324-6800
Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*